Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd, Ste 200
Boise, Idaho  83702
Telephone: (208) 384-8588
Facsimile:  (208) 629-0157
Email: mtc@angstman.com

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>KEVIN & KRISTEENA PEASLEE,<br><br>Debtors. | Case No. 20-00908-NGH<br><br>AMENDED APPLICATION TO EMPLOY COUNSEL |

**Notice of Application to Employ Counsel and
Opportunity to Object and for a Hearing**

<u>No Objection.</u> The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection.</u>  Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

<u>Hearing on Objection.</u> The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

AMENDED APPLICATION TO EMPLOY COUNSEL – Page 1

<u>Application</u>

The Chapter 7 Trustee, Timothy R. Kurtz ("Trustee"), hereby applies to the Court, pursuant to Title 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014(a), to approve employment of Angstman Johnson as counsel for the Estate on the following terms and conditions set forth herein below.  The Chapter 7 Trustee respectfully represents the following in support of his application:

1.      <u>Bankruptcy Petition</u>:  On October 16, 2020, a voluntary bankruptcy petition was filed by Kevin & Kristeena Peaslee ("Debtors") seeking relief pursuant to Chapter 7 of the U.S. Bankruptcy Code.

2.      <u>Appointment of Trustee</u>:  The Trustee was thereafter appointed as trustee.

3.      <u>Name and Address of Counsel ("Counsel")</u>:

   a)      Firm Name:  Angstman Johnson Christensen & May, PLLC

   b)      Attorney Name:  Matt Christensen

   c)      Address:  199 N. Capitol Blvd, Ste 200, Boise, Idaho  83702

   d)      Phone number:  (208) 384-8588

4.      <u>Compensation</u>:  Compensation shall be calculated in a manner consistent with the contract for employment attached hereto on an hourly-fee basis.  Compensation shall include reimbursement for expenses incurred, to include, (but not limited to):  court filing fees, fees for service of any pleading or document, witness fees, travel and lodging, photocopy expenses, expert witness fees, telephone charges, and charges for reporting and transcribing of depositions.

5.      <u>Necessity of Employment</u>:  The Trustee needs to employ Counsel to assist the Trustee in the investigation and/or pursuit of claims to recover assets of the bankruptcy estate, or claims owned

by K&K LLC, which is 100% owned by the bankruptcy estate.    That the Attorneys shall also act as

counsel for the estate, on an hourly-fee basis, to assist in the Trustee in any other issue related to the

Bankruptcy Proceeding..

6.      Reason for Selection of Counsel:  The Trustee has determined that Counsel has the

expertise and skill to pursue the matters detailed above.

7.      Contract with Counsel:  That attached hereto as *Exhibit A* is a true and correct copy of

the contract to be entered into between the Trustee and Counsel.

8.      Counsel Connections to Parties in Interest:  To the best of the Trustee's knowledge,

Counsel is a disinterested person, and does not hold an interest adverse to the bankruptcy estate with

respect to the matters for which Counsel is to be employed, as outlined on the concurrently filed

Verified Statement of Counsel.  In addition, to the best of the Trustee's knowledge, Counsel does not

have any connections with the Debtor, with a creditor of the bankruptcy estate, any other party in

interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the

office of the U.S. Trustee in relation to this bankruptcy proceeding, other than normal professional

relationships with attorneys and other professionals.

9.      Disinterested Person:  Trustee believes that Counsel and its members and associates

do not hold or represent any interest adverse to that of the Trustee or the Debtors' bankruptcy

estate with respect to the matters for which Counsel is to be employed, and that said law firm is a

disinterested person within the meaning of 11 U.S.C. § 101(14).

/

/

/

/

AMENDED APPLICATION TO EMPLOY COUNSEL – Page 3

/

10.    <u>Verified Statement of Counsel</u>. This Application is supported by a concurrently-filed Verified Statement of Counsel.

WHEREFORE, the Chapter 7 Trustee requests that he be authorized to employ Counsel to render the services described in this application with compensation to be paid as an administrative expense in such amounts as the court may hereafter determine are just and reasonable.

DATED this 28th day of July, 2021.

_____/s/ Tim Kurtz_____
Timothy R. Kurtz
Chapter 7 Bankruptcy Trustee

AMENDED APPLICATION TO EMPLOY COUNSEL – Page 4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of July, 2021, I filed the foregoing AMENDED APPLICATION TO EMPLOY COUNSEL electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Michael Wilder | averybklaw@gmail.com |
| Timothy R. Kurtz | trk@kurtztrustee.com |

Any others as listed on the Court's ECF Notice.

I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Kevin & Kristeena Peaslee
2487 W. Forecast St.
Meridian, ID 83642

_____
/s/  Matt Christensen
Matthew T. Christensen

# EXHIBIT A

## CONTRACT OF EMPLOYMENT

THIS CONTRACT OF EMPLOYMENT ("Contract") is made and entered into this 28th day of July, 2021, by and between Timothy R. Kurtz, as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Kevin and Kristeena Peaslee, and ANGSTMAN JOHNSON ("Attorneys").

### WITNESSETH

A.    WHEREAS, the Trustee has been appointed as the Chapter 7 Trustee of the bankruptcy estate of Kevin & Kristeena Peaslee, Case No. 20-00908-NGH, filed in the U.S. Bankruptcy Court for the District of Idaho (the "Bankruptcy Proceeding"); and

B.    WHEREAS, the Trustee is the owner of certain claims owned by the bankruptcy estate; and

C.    WHEREAS, one asset of the bankruptcy estate is the Debtors' 100% ownership interest in K&K LLC; and

D.    WHEREAS, K&K LLC may own claims against the Debtors and others related to transfers of assets made by K&K LLC; and

E.    WHEREAS, the Trustee has requested the assistance of ANGSTMAN JOHNSON to assist in the pursuit, collection and liquidation of these matters, as well as any other issues that may arise in the administration of the bankruptcy estate; and

F.    WHEREAS, after investigation into the claims and individuals involved, the Trustee believes, and the Attorneys agree, that it is in the estate's best interest to employ the attorneys on an hourly-fee basis.

NOW THEREFORE, for and in consideration of the covenants and contracts herein contained, THE PARTIES AGREE as follows:

1.    Scope of Representation.  That the Attorneys shall act as counsel for the Trustee, on an hourly-fee basis, to assist the Trustee in the investigation and/or pursuit of claims to recover assets of the bankruptcy estate, or claims owned by K&K LLC, which is 100% owned by the bankruptcy estate.   That the Attorneys shall also act as counsel for the estate, on an hourly-fee basis, to assist in the Trustee in any other issue related to the Bankruptcy Proceeding.

2.  Compensation.  For the representation of the estate in matters described above, the attorneys will be compensated on an hourly-fee scale, as outlined on the attached Exhibit A.

3.  It is understood that there will be no payment made for attorney fees unless the estate has assets available for distribution.  However, if the estate has assets, whether by sale, settlement, trial or otherwise, the payment of attorney fees will be from the assets of the estate, after deduction of any costs or expenses as hereinafter provided.

4.  It is agreed that if the Trustee or the Estate accepts a structured settlement for any matter in which he receives present and future payments, the fee shall be due and payable on the date any such structured settlement Contract is executed.  In the event the fees described above are impacted by the structured settlement, the fee shall be calculated by applying the applicable percentages described above to the present value of the total payments called for in the structured settlement.  Said present value is to be determined by discounting any further payments by the discount rate applicable to judgments rendered by the Federal District Court on the date of the settlement.

5.  Costs and Expenses.  Both the Trustee and the Attorneys agree that the Estate shall be responsible for all costs or expenses.  Costs or expenses may include, but are not necessarily limited to, the following:

      a.  Court filing fees;

      b.  Fees for service of any pleading or document;

      c.  Witness fees;

      d.  Travel and lodging for witnesses and attorneys;

      e.  Expenses for charges for photocopies;

      f.  Costs of preparing models, maps, pictures, photographs and other exhibits;

      g.  Costs of all bond premiums;

      h.  Expert witness fees;

      i.  Charges for reporting and transcribing of depositions;

      j.  Fees and charges in connection with testimony, preparation of testimony, interviews and preparation of reports; and

      k.  Telephone charges.

Attorney fees are not considered costs or expenses.  Attorney fees are those amounts which represent the time spent by attorneys in prosecuting the claims of the Trustee and/or the Estate.

6.    Bankruptcy Court Approval.  Trustee and Attorneys understand and agree that this Contract is subject to U.S. Bankruptcy Court approval and, in addition, even if the Contract is approved by the U.S. Bankruptcy Court, any and all compensation to Attorneys shall be subject to U.S. Bankruptcy Court approval after an application for compensation is filed with the U.S. Bankruptcy Court.  The parties anticipate seeking bankruptcy court approval of the contingency-fee portion of this agreement pursuant to 11 U.S.C. §328.

7. Cooperation.  It is understood by the Trustee that the Trustee will cooperate fully with the Attorneys in providing them all information at Trustee's disposal, and in assisting the Attorneys in gathering evidence, preparing for trial, and that the Trustee will be present at trial and, if requested, at any hearings which the Attorneys deem advisable.

8. Award of Attorneys Fees.  The Trustee has been informed that Idaho Code §12-121 entitled "Attorney Fees" states as follows:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

It is understood that should the Trustee be awarded attorney fees by the Court, pursuant to Idaho Rules of Civil Procedure 54(b) (or its federal counterpart), such an award does not fix the fees between the Attorneys and the Trustee.  Further, any such award of attorney fees shall be added to the amount of all other sums obtained on behalf of the Trustee.

9.    Award of Costs.  The Trustee has been informed that pursuant to Idaho Rule of Civil Procedure 54(d) and Federal Rule of Bankruptcy Procedure 7054 (or other similar federal or local rules), the Court may allow an award of costs to the prevailing party if the action culminates in a judgment entered by the Court.  Costs under Rule 54 or 7054 may or may not be the same as the costs or expenses listed in paragraph 4 above.  If an award of costs is granted to the Trustee, such amount will be added to the amount of all other sums obtained on behalf of the Trustee.

10. Employment of Experts.  The Attorneys, with the approval or authorization of the Trustee, which will not be unreasonably withheld, may employ (i) experts or other investigative personnel to assist in liquidating the assets or pursuing the claims; and (ii) other technical experts to examine and investigate the facts surrounding the subject matter of the Bankruptcy Proceeding and report the facts of the subject matter of the action. Notwithstanding the foregoing, the Attorneys may not employ "attorneys, accountants, appraisers, auctioneers, or other professional persons" without the approval of the U.S. Bankruptcy Court pursuant to 11 U.S.C. §327.  All such experts shall report exclusively to the Attorneys.  Fees charged by such expert witnesses and investigators shall be considered costs and/or expenses.

11. Collection of Settlement Proceeds.  The Attorneys may receive the liquidation, settlement or judgment amounts and may retain therefrom the attorney fees due, plus the amount of costs or expenses advanced, subject to bankruptcy court approval.   The Attorneys may pay from said settlement or judgment amount the costs and expenses arising from the Trustees claims or actions.

12. Withdrawal.  The Attorneys may withdraw from representation of the Trustee at any time, on reasonable notice to the Trustee.  In the event of withdrawal of representation, the Attorneys shall be entitled to reimbursement for any costs and expenses incurred.  To the extent the Trustee continues with the claims after the Attorneys withdraw, and the Trustee or any new attorneys that he hires prevail on the claims by using any work product created by the Attorneys, the Attorneys shall be entitled to compensation, on a *quantum meruit* basis, for the actual time expended on the matter, at the hourly rates depicted on Exhibit A attached hereto.

13. Representations or Warranties.   The Attorneys shall make no warranties or representations concerning the successful resolution and termination of the claims or the favorable outcome of any legal action that may be filed.  All statements of the Attorneys on these matters are only statements of opinion.  The Attorneys do not warrant or guarantee that they will obtain reimbursement for the Trustee or the estate of any of the costs and expenses incurred by the Attorneys in representing the interests of the Trustee and the estate.

14. Notices. Any notices required under this Contract shall be in writing and shall be deemed to have been duly served if delivered in person to the party for whom it is intended, or if delivered at or sent by registered or certified mail to the address of the person for whom it is intended.

15. Governing Law. The laws of the State of Idaho shall govern the construction and interpretation of this Contract for Employment.

16. Entire Agreement. This Contract supersedes all prior Contracts between the parties related to the Bankruptcy Proceedings and contains the entire agreement of the parties regarding the Bankruptcy Proceedings. No representations, promises or contracts, oral or otherwise, which are not contained in this Contract shall be of any force or effect.

17. Assignment. The Trustee shall not assign his interest in all or any portion of the cause of action which is the subject of this Contract without the prior written approval of the Attorneys.

18. Modification. This Contract may not be amended, modified or changed except by a writing signed by all of the parties hereto.

IN WITNESS WHEREOF, the parties hereto agree to these terms, dated this 28th day of July, 2021.

___/s/ Tim Kurtz_____
Timothy R. Kurtz
Chapter 7 Bankruptcy Trustee

___/s/ Matt Christensen_____
Angstman Johnson
By: Matthew T. Christensen

Contract of Employment – Peaslee  Page 5 of 7

**EXHIBIT A**

# ANGSTMAN JOHNSON

### *Fee and Cost Schedule*

### *Professional Fees*

Billing rates for attorneys at Angstman Johnson range between $195 and $375 per hour.  Paralegal billing rates range between $95 and $130 per hour.  A complete fee schedule for all firm timekeepers is available upon request.

The hourly fees of timekeepers currently expected to be associated with this representation are listed below.

| | |
|---|---|
| T.J. Angstman | $375 per hour |
| Wyatt B. Johnson | $375 per hour |
| Matthew T. Christensen | $375 per hour |
| J. Justin May | $375 per hour |
| Sheli Fulcher-Koontz | $375 per hour |
| Natasha N. Hazlett | $325 per hour |
| Lea Kear | $275 per hour |
| Chad R. Moody | $235 per hour |
| Branden Huckstep | $215 per hour |
| Melanie Anderson | $150 per hour |
| Caroline Cortens | $150 per hour |
| Candice Booher | $130 per hour |
| Lorena Scott | $90 per hour |
| Abigail Stephens | $90 per hour |
| Amber Kaiser | $90 per hour |
| Megan Richmond | $90 per hour |

The rates quoted above are for the year 2021.  Billing rates are subject to adjustment annually.  Any adjustment in the hourly rate or additional personnel will be reflected in your monthly billing statements.

### *Costs*

Costs are subject to adjustment annually.  Any adjustment will be reflected in the monthly billing statements presented to the client.  The firm does not charge an overhead or administrative fee for services contracted on a client's behalf.

| | |
|---|---|
| Photocopying | $0.20/page all copies over 500 |
| Messenger Service | On a case by case matter |
| Westlaw/Lexis | Prevailing rate |
| Long Distance Telephone | Prevailing rate |
| Overtime Staff Charges | $25.00/hour |
| Facsimile | No Charge |